UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KAMAR JOHNSON,

                              Plaintiff,                    Index No.: 21 CV 9159

              -*against*-                                   **COMPLAINT**

CITY OF NEW YORK.                                           Plaintiff Demands Trial by Jury
CORRECTIONS CAPTAIN AHMED,
CORRECTIONS OFFICERS JOHN DOE #'s 1-10,
CORRECTIONS OFFICER JOHN DOE #11,

                              Defendants.
----------------------------------------------------------------X

            Plaintiff, KAMAR JOHNSON, by his attorney, Alexis G. Padilla, Esq.,

complaining of the defendants, CITY OF NEW YORK, CORRECTIONS OFFICERS JOHN

DOE #'s 1-10 and CORRECTIONS OFFICER JOHN DOE #11 ("C.O. JOHN DOE #11"), upon

information and belief alleges as follows:

## PRELIMINARY STATEMENT

1.       This is a civil rights action in which the plaintiff, KAMAR JOHNSON, seeks relief

for the defendants' violation of his rights as secured by the Civil Rights Act of 1871, 42 U.S.C. §

1983 and the Fourteenth Amendment to the United States Constitution. Plaintiff seeks

compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other

and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourteenth

Amendment to the United States Constitution. Jurisdiction is conferred upon this court by 28

U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff's

constitutional and civil rights.

1

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Southern District of New York.

## JURY TRIAL DEMANDED

4.       Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

5.      At all times relevant to this Complaint, plaintiff KAMAR JOHNSON was a pre-trial detainee in the custody of the New York City Department of Corrections.

6.      Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a corrections department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a corrections department and the employment of corrections officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant corrections officer.

7.      Defendant CORRECTIONS CAPTAIN AHMED was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Department of Corrections, a municipal agency of the City of New York. At all times relevant herein, defendant CAPTAIN AHMED acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Department of Corrections, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York City Department of

2

Corrections, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

8.      Defendant CORRECTIONS OFFICERS JOHN DOE #'s 1-10 were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the New York City Department of Corrections, a municipal agency of the City of New York. At all times relevant herein, defendants acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Department of Corrections, in the course and scope of their duties and functions as officers, agents, servants and employees of the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Department of Corrections, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duty. They are sued individually and in their official capacities.

9.      Defendant CORRECTIONS OFFICER JOHN DOE #11 was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York City Department of Corrections, a municipal agency of the City of New York. At all times relevant herein, defendant acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York City Department of Corrections, in the course and scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York City Department of Corrections, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

3

## STATEMENT OF FACTS

10.     At all times relevant to this Complaint, plaintiff was in the custody of the New York City Department of Corrections, housed at the Anna M. Kross Center ("AMKC") on Riker's Island.

## The April 3, 2021 Incident

11.     On or about April 3, 2021, at some time in the afternoon, plaintiff was lawfully engaged on a phone call when an emergency response team led by defendant CORRECTIONS CAPTAIN AHMED entered plaintiff's housing area in response to a fight that broke out. The fight was completely unrelated to plaintiff.

12.     However, CAPTAIN AHMED ordered that all of the inmates in that area lock into their cells, including plaintiff.

13.     Plaintiff, wanting to finish his phone call, asked that he be allowed to do so, since it would take the officers some time to deal with the situation and get everyone locked in.

14.     CAPTAIN AHMED again instructed plaintiff to hang up the phone and lock in but plaintiff ignored him.

15.     CAPTAIN AHMED then ordered members of the emergency response to team to spray plaintiff with pepper spray.

16.     Plaintiff was then sprayed directly in his eyes with pepper spray by defendant C.O. JOHN DOE #1 and assaulted by defendants C.O.'s #'s 2-9. Plaintiff was slammed to the ground, kicked, punched and struck repeatedly with fists, feet, arms and legs before and after he was handcuffed and shackled.

17.     At no time during this incident did plaintiff pose any threat to the above-named defendants.

18.     At no time during this incident did plaintiff commit any act for which the level of force deployed by the defendants would be a reasonable response.

19.     At no time during this incident did the defendants have any reason to believe that their actions were justified.

20.     At all times relevant to this incident the defendants acted with wonton disregard for the rights and safety of plaintiff.

21.     As a result, plaintiff suffered serious physical injury, disfigurement, mental anguish, extreme emotional distress, public humiliation, and the violation of his constitutional right to be free from excessive force.

**The June 3, 2021 Incident**

22.     On June 3, 2021, at approximately 5:00 P.M., plaintiff was present on bus #416B, where he was locked inside of a cage waiting to be unloaded after returning from court.

23.     Defendant C.O. JOHN DOE #11, wearing shield #148, was also present on the bus.

24.     Defendant C.O. JOHN DOE #11 began to taunt plaintiff, calling him names and mocking his ethnicity.

25.     In addition to being caged, plaintiff was also wearing protective gloves while handcuffed and shackled at the ankles.

26.     Plaintiff asked C.O. JOHN DOE #11 for something to eat, and the officer offered him a block of cheese, but when plaintiff reached for the block of cheese it fell on the floor.

27.     Plaintiff asked defendant C.O. JOHN DOE #11 to pick up the cheese and hand it back to him.

28.     Defendant C.O. JOHN DOE #11 responded by reaching into the cage and slamming plaintiff's head into the bars.

29.     Plaintiff immediately began to bleed profusely from his forehead.

30.     At this point, a corrections captain boarded the bus and asked why plaintiff was bleeding. Defendant C.O. JOHN DOE #11 then falsely claimed that plaintiff had tripped, even though there was not enough space in the cage for a person to fall and the bus was not in motion.

31.     Despite his obvious injury and pleas for medical treatment, plaintiff was unloaded from the bus and returned to his cell inside of AMKC, where he continued to bleed and suffer from an intense headache.

32.     Plaintiff continued to demand medical treatment and the next day he was brought to Bellevue Hospital in Manhattan where his injuries required numerous stitches.

33.     At no time during the events described above did plaintiff commit any act for which the force used by the defendant would be a reasonable response.

34.     At no time during the events described above did defendant C.O. JOHN DOE #11 have any justification, reason, or legal license to use any amount of force against plaintiff.

35.     At all times during the events described above defendant C.O. JOHN DOE #11 acted with malice and the intent to harm and cause pain to plaintiff.

36.     At all times during the events described above defendant C.O. JOHN DOE #11 knew or should have known that his actions were unlawful and in violation of his sworn oath to uphold the Constitution of the United States in the furtherance of his duties as a duly appointed Corrections Officer.

37.     At no time during the events described above did plaintiff pose any threat to defendant C.O. JOHN DOE #11, any other inmate, jail official, staff member or anyone else present at the place and time relevant to this Complaint.

38.     Defendant C.O. JOHN DOE #11's assault on plaintiff was malicious, intentional, and outside the bounds of acceptable uses of force for a corrections officer.

39.     As a result of defendant C.O. JOHN DOE #11's unlawful actions, plaintiff did suffer serious injury, including but not limited to a large gash on his forehead.

## AS FOR A FIRST CAUSE OF ACTION

*Excessive Force as against Defendants CORRECTIONS CAPTAIN AHMED, CORRECTIONS OFFICERS JOHN DOE #'s 1-10 and CORRECTIONS OFFICER JOHN DOE #11, in violation of the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983*

40.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

41.     At all times during the events described above defendants CORRECTIONS CAPTAIN AHMED, CORRECTIONS OFFICERS JOHN DOE #'s 1-10 and CORRECTIONS OFFICER JOHN DOE #11 lacked probable cause to use force against plaintiff.

42.     All of the aforementioned acts of defendants were carried out under the color of state law.

43.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourteenth Amendment to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983, particularly his right to be free from excessive force while in custody.

44.     The acts complained of were carried out by defendants in their capacities as corrections officers, with all actual and/or apparent authority afforded thereto.

45.     As a result of the defendants' illegal misuse of force plaintiff did suffer damages, including but not limited to pain, injury, emotional distress, mental anguish and public humiliation.

7

**AS FOR A SECOND CAUSE OF ACTION**

*Municipal Liability pursuant to 42 U.S.C. § 1983 as against defendant CITY OF NEW YORK*

27.     Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28.     The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiff and is liable for the damages suffered by plaintiff as a result of the conduct of the defendant CORRECTIONS OFFICER JOHN DOE. The conduct of the defendant officer was a direct consequence of inadequate training and supervision of corrections officers by defendant CITY OF NEW YORK and its agent, the New York City Department of Corrections.

29.     At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York City Department of Corrections, had in effect policies, practices, and customs that allowed for a corrections officer to use force against an inmate without probable cause and in flagrant violation of his sworn oath to uphold the Constitution.

30.     At all times relevant to this complaint, it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its corrections officers, thereby failing to adequately discourage the misuse of force as described in this Complaint.

31.     As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York City Department of Corrections, corrections officers – including the defendants at the time and place of the incidents relevant to this Complaint – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

32.     The wrongful polices, practices and customs complained of herein, demonstrates a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the

constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated:  November 5, 2021
      New York, NY      By:      _/s/Alexis G. Padilla_____
                                      Alexis G. Padilla, Esq. [AP7400]
                                      *Attorney for Plaintiff*
                                      *KAMAR JOHNSON*
                                      378 Lewis Avenue #6
                                      Brooklyn, NY 11233
                                      (917) 238-2993
                                      alexpadilla722@gmail.com